UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **GARDEN CITY BOXING CLUB, INC.,** as Broadcast Licensee of the September 13, 2003 De La Hoya/Mosley Event,<br><br>    Plaintiff,<br><br>v.<br><br>**JOSE PEÑA, Individually and d/b/a EL PASO NITE CLUB,**<br>and<br>**MARTIN PEÑA, Individually and d/b/a EL PASO NITE CLUB,**<br><br>    Defendants. | § § § § § § § § § § § § § § § **CIVIL ACTION NO. H-05-3432** |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' motion for extension of time to file notice of appeal (Doc. #22). For the reasons set forth below, the motion is **DENIED.**

A party seeking an extension of time to file a notice of appeal must demonstrate excusable neglect or good cause. FED. R. APP. P. 4(a)(5)(A)(ii). In this case, Defendants claim, in essence, ignorance of the litigation and of their legal obligations to participate therein. However, Defendants' assertions do not rise to the level of excusable neglect as it has been defined in this circuit.

In *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465 (5th Cir. 1998), the Fifth Circuit adopted the "excusable neglect" standard articulated by the Supreme Court in the context of civil bankruptcy proceedings and applied it to cases involving a failure to meet Rule 4(a)(5) deadlines. *Id.* at 469. Under the so-called *Pioneer* standard, "the determination [of excusable neglect] is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include . . . the danger

1

of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 468, quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395-97 (1993).

Taking into account all of the circumstances surrounding Defendants' failure to timely file a notice of appeal, the Court finds that the *Pioneer* factors weigh against granting the instant motion. Defendants have failed to put forth a compelling reason for the delay in filing; in particular, Defendants' suggestion that they were not aware of the litigation is unpersuasive in light of the fact that Plaintiff obtained an executed summons from each Defendant (Docs. #4, #12). Further, a party's ignorance or lack of sophistication generally does not excuse it from meeting procedural requirements. *E.g.*, *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *Sys. Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011 (5th Cir. 1990) ("simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice" to constitute excusable neglect for failure to effect timely service); *Bluitt v. Houston Indep. Sch. Dist.*, 236 F. Supp. 2d 703 (S.D. Tex. 2002) (teacher's ignorance of law and lack of counsel did not excuse failure to timely file Title VII and ADEA action).

Finally, with respect to the issue of good faith, the Court notes that Defendants have ignored this litigation until now, resulting in the entry of a default judgment against them (Doc. #19). It appears that Defendants were motivated to take action only after a United States marshal executed the default judgment on July 21, 2006 (Defs.' Mot. at 1),

retaining counsel and filing the instant motion on July 25, 2006, the last day on which Defendants would be eligible to request an extension.

For these reasons, Defendants' motion for extension of time to file notice of appeal is **DENIED.**

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 29th day of August, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**